FILED ___ ENTERED
LODGED ___ RECEIVED

NOV 20 2019

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR19-243 JCC |
|---|---|
| Plaintiff, | **INFORMATION** |
| v. | |
| NICHOLAS "NIKKI" ARMSTRONG, | |
| Defendant. | |

The United States Attorney charges that:

### COUNT ONE
### (Trafficking in Counterfeit Drugs)

On or about March 4, 2019, in King County, in the Western District of Washington and elsewhere, the defendant, NICHOLAS "NIKKI" ARMSTRONG, did intentionally traffic in goods, namely, pharmaceutical drugs, and knowingly used a counterfeit mark on and in connection with such goods, that is, the Xanax trademark used to identify a pharmaceutical product marked by Pfizer Pharmaceuticals.

All in violation of Title 18, United States Code, Section 2320(a)(4).

### COUNT TWO
### (Trafficking in Counterfeit Drugs)

On or about April 24, 2019, in King County, in the Western District of Washington and elsewhere, the defendant, NICHOLAS "NIKKI" ARMSTRONG, did

Information: *United States v. Armstrong* - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

intentionally traffic in goods, namely, pharmaceutical drugs, and knowingly used a counterfeit mark on and in connection with such goods, that is, the Xanax trademark used to identify a pharmaceutical product marked by Pfizer Pharmaceuticals.

All in violation of Title 18, United States Code, Section 2320(a)(4).

## COUNT THREE

### (Trafficking in Counterfeit Drugs)

On or about May 14, 2019, in King County, in the Western District of Washington and elsewhere, the defendant, NICHOLAS "NIKKI" ARMSTRONG, did intentionally traffic and attempt to traffic in goods, namely, pharmaceutical drugs, and knowingly used a counterfeit mark on and in connection with such goods, that is, the Xanax trademark used to identify a pharmaceutical product marked by Pfizer Pharmaceuticals.

All in violation of Title 18, United States Code, Section 2320(a)(4) and 2.

## ASSET FORFEITURE ALLEGATIONS

1. The allegations contained in Counts 1 through 3 of this Information are hereby realleged and incorporated by reference herein for the purpose of alleging forfeiture.

### (Counts 1–3)

2. Pursuant to Title 18, United States Code, Section 2323(b), upon conviction of any of the offenses alleged in Counts 1 through 3, the defendant, NICHOLAS "NIKKI" ARMSTRONG, shall forfeit to the United States any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission, of that offense, and also shall forfeit any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the commission of that offense, including but not limited to a judgment for a sum of money representing the property described in this paragraph.

**(Substitute Assets)**

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 2323(b)(2) and Title 21, United States Code, Section 853(p), to seek the forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

BRIAN T. MORAN
United States Attorney

KATHERYN FRIERSON
Assistant United States Attorney

MARIE M. DALTON
Assistant United States Attorney