The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> NICHOLAS "NIKKI" ARMSTRONG, <br><br> Defendant. | NO. CR19-243 JCC <br><br> GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Marie M. Dalton, Assistant United States Attorney, files this response in opposition to Defendant Nicholas "Nikki" Armstrong's Motion to Modify Conditions of Release (Dkt. 14). The motion requests the Court to direct the U.S. Probation Office not to test for the defendant's use of marijuana in order to allow the defendant to use prescribed medical marijuana. As detailed below, regardless of the bona fides of Ms. Armstrong's medical condition or her registered nurse practitioner's belief that medical marijuana may be beneficial, federal law forecloses this request and the motion should be denied.

RESPONSE TO MOTION TO MODIFY CONDITIONS
CR19-243 JCC / ARMSTRONG - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## ARGUMENT

Federal law is clear: the possession and use of marijuana—regardless of claimed medical necessity—is a crime.  As a result, Ms. Armstrong asks this Court for permission to do what federal law forbids.  Under the Controlled Substances Act ("CSA"), the possession of marijuana—even for medical use—is a crime.  As a Schedule I substance, federal law categorizes marijuana as one for which there is "no currently accepted medical use in treatment" and a "lack of accepted safety for use . . . under medical supervision."  21 U.S.C. § 812(b)(1)(B)-(C), (c).  As such, its manufacture, distribution, and possession are proscribed save for one exception—government-approved research projects.  *Id*. § 823(f); *see also United States v. Oakland Cannabis Buyers' Cooperative*, 532 U.S. 483, 490 (2001).  Possession of marijuana—even though sometimes legal in Washington and even with an otherwise lawfully obtained medical prescription—is thus a federal crime.  21 U.S.C. § 844.[1]

Ms. Armstrong does not cite to or present any authority for a contrary view.  And in fact, courts have routinely rejected requests such as the one in the instant case.  *See, e.g*., *United States v. Pai*, 187 F. App'x 719, 721 (9th Cir. 2006) (finding no abuse of discretion in district court's prohibition on the use of medical marijuana while on supervised release); *United States v. Meshulam*, 2015 WL 894499, at *4 (S.D. Fla. Mar. 3, 2015) (denying defendant's request to use medical marijuana while on pre-trial release); *United States v. Harvey*, 794 F. Supp. 2d 1103, 1106-07 (S.D. Cal. 2011) (finding defendant's use of marijuana under California's medical marijuana regime constituted a violation of defendant's conditions of supervision); *United States v. Small*, 2010 WL 4922510, at *2 (D. Mont. Nov. 29, 2010) (refusing to modify conditions of pre-trial release to allow use of medical marijuana by defendant with medical marijuana card issued by Montana); *United States v. Hicks*, 722 F. Supp. 2d 829, 837 (E.D. Mich. 2010)

---

[1] Washington's legalization of marijuana cannot supplant Congress's contrary directives. *Gonzalez v. Raich*, 545 U.S. 1, 27 (2005) ("The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail.")

RESPONSE TO MOTION TO MODIFY CONDITIONS
CR19-243 JCC / ARMSTRONG - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  (finding possession of marijuana pursuant to medical marijuana law in Michigan violated
2  defendant's conditions of supervised release); *United States v. Friel*, 699 F. Supp. 2d 328,
3  331 (D. Me. 2010) (declining to modify defendant's supervised release to permit the use
4  of medical marijuana notwithstanding Maine's medical marijuana law).
5       Accordingly, this Court should deny Ms. Armstrong's motion.

7       DATED this 14th day of February, 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*/s/ Marie M. Dalton*
MARIE M. DALTON
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
Telephone:   (206) 553-1511
Fax:              (206) 553-0755
E-mail:   Marie.Dalton2@usdoj.gov

RESPONSE TO MOTION TO MODIFY CONDITIONS
CR19-243 JCC / ARMSTRONG - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that February 14th, 2020, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*/s/ Marwa Hirmendi*
MARWA HIRMENDI
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-4750
FAX:   (206) 553-0882
E-mail: Marwa.Hirmendi@usdoj.gov

RESPONSE TO MOTION TO MODIFY CONDITIONS
CR19-243 JCC / ARMSTRONG - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970