THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS "NIKKI" ARMSTRONG,<br><br>Defendant. | CASE NO. CR19-0243-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to modify her conditions of release (Dkt. No. 14). In November 2019, Defendant pleaded guilty to trafficking in counterfeit drugs. (*See* Dkt. Nos. 6, 7, 8.) Defendant's sentencing hearing is presently scheduled for March 24, 2020 at 9:00 a.m. (Dkt. No. 12.) Defendant was released pending sentencing and an appearance bond was entered with the Court. (Dkt. No. 10.) The appearance bond sets forth the standard condition of "No Controlled Substances. I must not use, consume or possess any controlled substances, including medication, unless prescribed by a physician and approved in advance by the Pretrial Services Officer." (*Id*. at 1.)

Defendant now moves for an order modifying her conditions of release so that she "can treat her persistent and debilitating migraine headaches with prescribed marijuana." (Dkt. No. 14 at 1.) Defendant has filed an evaluation indicating that she does not have a substance use disorder, and states that she has unsuccessfully attempted to manage her migraines without

marijuana since being placed on supervision. (*Id*. at 2; *see* Dkt. No. 14-1.) In support of her motion, Plaintiff has filed a letter from her medical provider which states that Defendant "is generally able to control migraines with diet, exercise, chiropractic care, and medical cannabis." (Dkt. No. 14-2 at 1.)

The Government and Defendant's probation officer oppose Defendant's motion. (*See* Dkt. Nos. 14 at 1, 15 at 1.) The Government argues that, under federal law, the possession and use of marijuana remains a crime except for government-approved research projects. (*See* Dkt. No. 15 at 2) (citing 21 U.S.C. §§ 812(b)–(c), 823(f), 844; *United States v. Oakland Cannabis Buyers' Cooperative*, 532 U.S. 483, 490 (2001)). The Government further notes that many federal courts have rejected similar requests to modify conditions prohibiting use of controlled substances. (*See id*. at 2–3) (collecting cases).

While the Court is sympathetic to Defendant's migraine condition, Defendant essentially asks the Court to allow what federal law clearly prohibits: the use of marijuana or marijuana derivatives, for medical purposes or otherwise. As such, the Court concludes that modification of the relevant condition of Defendant's appearance bond is not merited. Therefore, Defendant's motion to modify her conditions of release (Dkt. No. 14) is DENIED. The condition shall remain in effect as written.

DATED this 28th day of February 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE